**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>MIGUEL ANGEL RIVERA ROSARIO,<br><br>    Debtor. | CASE NO. 23-02291 MAG7<br><br>Chapter 7<br><br><br>FILED & ENTERED ON 3/5/2025 |

**OPINION AND ORDER**

On July 28, 2023, Debtor Miguel Angel Rivera Rosario ("Debtor") filed his petition for relief under Chapter 11 of the Bankruptcy Code. Subsequently, on November 20, 2023, Debtor moved to convert this proceeding to a Chapter 7 case. (Dkt. # 81.) On November 22, 2023, the court converted the case to Chapter 7 and appointed Wigberto Lugo Mender as the Chapter 7 Trustee (the "Trustee") for Debtor's estate. (Dkt. ## 85, 86, 87.) Debtor listed in his schedules secured claims in the amount of $556,873.99. (Dkt. # 1, pp. 25-27.) Debtor also listed priority claims in the amount of $18,942 and general unsecured claims in the amount of $297,642.17. (Dkt. # 91, pp. 5-13.) Moreover, the Claims Register reflects total claims filed by creditors in the amount of $7,537,238.57. No objection to any of these claims has been filed.

Pending before the court is the approval of a stipulation (the "Stipulation") filed on December 6, 2024 by the Trustee and creditor LSREF2 Island Holdings, LTD, Inc. ("LSREF2"). (Dkt. # 130.) The Stipulation settled a damages claim held by Debtor against LSREF2 for the alleged malicious prosecution in relation to the foreclosure of a real property owned by Debtor (the "Claim"). The Debtor included the Claim in Schedule B filed with the instant petition on July 28, 2023 in the amount of $5,000,000. On December 26, 2024, Debtor opposed the approval of the Stipulation and requested the abandonment of the Claim (Dkt. # 132). On January 16,

2025, LSREF2 filed a reply to Debtor's opposition (Dkt. # 139), followed by a reply from the Trustee on January 17, 2025 (Dkt. # 140).

According to the Stipulation, the Claim was initially filed in the Puerto Rico State Court on June 2, 2017, and later removed to the United States District Court for the District of Puerto Rico (the "District Court") upon LSREF2's request, where it was dismissed with prejudice on March 30, 2018 (the "First Complaint"). The Stipulation also indicated that on November 13, 2020, Debtor filed a second complaint for damages and malicious prosecution related to the same cause of action (the "Second Complaint") in the District Court, which was dismissed without prejudice on June 21, 2021based on *res judicata*. Subsequently, on July 2, 2021, Debtor appealed the dismissal of the Second Complaint to the United States Court of Appeals for the First Circuit and on July 28, 2023 Debtor filed his Chapter 11 bankruptcy case. The Appeals Court affirmed the District Court's dismissal on August 18, 2023 but established that the affirmed judgment did not preclude Debtor from seeking relief in the 2017 case.

The Stipulation further stated that on October 9, 2023, Debtor requested that the District Court vacate the dismissal with prejudice regarding the malicious prosecution claim from the First Complaint. On March 19, 2024, the District Court amended *nunc pro tunc* its judgment to establish that the dismissal of the First Complaint was without prejudice. However, the court denied the reopening of the case because of Debtor's July 28, 2023 bankruptcy petition and the need to litigate the matter in an adversary proceeding before the Bankruptcy Court.

In the Stipulation, the Trustee indicated that, after reviewing the two cases and the information provided by Debtor, the likelihood of successfully litigating the Claim is remote. Thus, to avoid the costs associated with further litigation, the Trustee accepted LSREF2's offer of $20,000 to settle all potential claims or causes of action related to the Claim.

On December 26, 2024, Debtor opposed the approval of the Stipulation and requested the abandonment of the Claim by the Trustee. (Dkt. # 132.) Debtor argued that the Trustee is abusing his discretion and acting inappropriately by favoring LSREF2 in settling a "millionaire" complaint for the "totally insignificant and ridiculous sum" of $20,000. Debtor further asserted that after various years of arduous litigation between himself and LSREF2, the Trustee is violating his right to have a day in court. Moreover, Debtor pointed out that the Trustee had filed a notice of abandonment on May 17, 2024 (Dkt. # 108) abandoning the Claim, which triggered the Debtor to file a new complaint in the District Court. However, Debtor explained that he dismissed this new complaint without prejudice once the Trustee filed an amended notice of abandonment eliminating the Claim from the abandoned assets after withdrawing the original notice of abandonment (Dkt. ## 109, 110). Debtor contends that the Claim has a "very significant [sic] value" and that "justice requires that the complaint be again abandoned" to permit the filing of the same in the District Court.

On January 16, 2025, LSREF2 submitted a reply to the Debtor's opposition to the approval of the Stipulation. (Dkt. # 139.) In its response, LSREF2 rejected Debtor's allegations asserting that there is no relationship between LSREF2 and the Trustee leading to favoritism. Furthermore, LSREF2 characterized Debtor's allegations of conflict of interest in favor of LSREF2 as false and defamatory.

On January 17, 2025, the Trustee also replied to the Debtor's opposition to the approval of the Stipulation. (Dkt. # 140.) In his response, the Trustee argued that the Stipulation filed with LSREF2 serves the best interest of the bankruptcy estate, based on his business judgment following a reasonable evaluation of all known facts. He further argued that Debtor lacks standing to litigate the Claim. Lastly, he clarified that the Claim was not abandoned, as the notice

3

of abandonment filed on May 17, 2024 (Dkt. # 108) was inadvertently filed and was thus withdrawn on the same day (Dkt. # 109).

On January 23, 2025, Debtor requested that his opposition to the approval of the stipulation be granted as unopposed claiming that the replies filed by LSREF2 and the Trustee were untimely. (Dkt. # 141.) On January 29, 2025, Debtor requested an evidentiary hearing on the approval of the Stipulation. (Dkt. # 142.)

On January 29, 2025, the court denied Debtor's request to treat his opposition as unopposed noting that the record showed that both LSREF2 and the Trustee filed their replies timely. (Dkt. # 143.) On the same date, the court also denied Debtor's motion for an evidentiary hearing and took the approval of the Stipulation under advisement. (Dkt. # 144.)

On January 31, 2025, the Trustee filed an "Individual Estate Property Record and Report" (Dkt. # 145.) Subsequently, on February 8, 2025, the Trustee filed an amended version of this report. (Dkt. # 148.) In the amended report, the Trustee stated that he is in the process of liquidating the properties, that the case is still in an early administration stage, and that he currently has $25,236.62 on hand. (Id.)

For the following reasons, Debtor's opposition to the Stipulation (Dkt. # 132) is denied and the Stipulation (Dkt. # 130) is approved.

Debtor contended that the Trustee is abusing his discretion in settling a "millionaire" complaint for $20,000. In response, the Trustee argued that he made an informed judgment that the proposed settlement is in the best interests of the chapter 7 estate and all its creditors. He pointed out that in seven years of litigation, Debtor made no progress on the Claim, and that a different outcome is unlikely at this stage. He further added that the estate simply cannot afford litigating the Claim. The court agrees with the Trustee.

4

A chapter 7 trustee is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). The trustee "has a duty 'to maximize the assets of the bankruptcy estate to allow maximum recovery for the debtor's creditors.'" Internal Revenue Serv. v. Baldiga, Tr. of Est. of Hannon, 619 B.R. 524, 529 (D. Mass. 2020) (quoting United States v. Charles Sims (In re Feiler), 218 F.3d 948, 952 (9th Cir. 2000)). Furthermore, "[a] chapter 7 trustee is entrusted to marshal an estate's assets and liabilities, and proceed in settling its accounts on whatever grounds he, in his informed discretion, believes will net the maximum return for the creditors (on whose behalf he toils)." Beaulac v. Tomsic (In re Beaulac), 294 B.R. 815, 819 (B.A.P. 1st Cir. 2003) (quoting LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 212 F.3d 632, 634 (1st Cir. 2000)).

Moreover, a Chapter 7 trustee "is not required to prosecute every cause of action belonging to the bankruptcy estate." In re Kerner, 599 B.R. 751, 756 (Bankr. S.D.N.Y. 2019) (quoting In re Consol. Indus. Corp., 330 B.R. 712, 715 (Bankr. N.D. Ind. 2005)). The trustee must exercise caution when pursuing asset augmentation that may involve protracted investigations or potentially costly litigation, especially when the outcome is uncertain. In this context, "an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle." In re Mailman, 212 F.3d at 634.

A chapter 7 trustee is granted substantial discretion in deciding how best to administer the estate entrusted to him, with his actions being evaluated under a business judgment standard. In re Kerner, 599 B.R. at 756. Courts have noted, "[t]he chapter 7 trustee needs to be provided a substantial degree of discretion in determining how to most effectively administer the bankruptcy estate." SunTrust Bank v. Matson (In re CHN Constr., LLC), 531 B.R. 126, 132-133 (Bankr.

5

E.D.Va. 2015). Courts "will not entertain objections to the trustee's management of the debtor's estate where the trustee's conduct involves [his] good faith business judgment, is made on a reasonable basis, and is within the scope of the trustee's authority under the Code." In re Belmonte, 524 B.R. 17, 29 (Bankr. E.D.N.Y. 2015) (quoting In re Taub, 441 B.R. 211, 216 (Bankr. E.D.N.Y. 2010)).

In this case, the Trustee exercised sound business judgment in deciding to settle the Claim for $20,000. In making this decision, the Trustee acknowledged that the outcome of litigating the Claim was uncertain and that pursuing a new case would require significant investments of estate funds and time—efforts likely to outweigh any potential benefits to the estate. This is particularly relevant considering the seven years of litigation the Debtor has already funded, which have yielded no results. Moreover, the Stipulation allows for the expeditious administration of the estate, allowing creditors to receive prompt distributions of estate funds. Therefore, the court will not intervene as the Stipulation falls within the scope of the Trustee's business judgment, which is entitled to great deference. In re CHN Constr., LLC, 531 B.R. at 133.

The Trustee also asserted that Debtor lacks standing to oppose the approval of the Stipulation. The court notes that Debtor has not addressed whether he possesses the legal standing to oppose the approval of the Stipulation and that he instead has requested that the court order the Trustee to abandon the Claim. The court concurs with the Trustee that Debtor lacks standing to object to the Stipulation in this case.

The appointment of a chapter 7 trustee divests a chapter 7 debtor of all right, title and interest in nonexempt property of the estate. Karamoussayan v. Mass. Dep't of Revenue (In re Karamoussayan), 658 B.R. 221, 227 (B.A.P. 1st Cir. 2024) (quoting Spenlinhauer v. O'Donnell,

6

261 F.3d 113, 118 (1st Cir. 2001)). "Since title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the . . . disposition of that property." In re Arroyo, 489 B.R. 486, 488 (B.A.P. 1st Cir. 2013) (quoting In re El San Juan Hotel, 809 F.2d 151, 154-55 (1st Cir. 1987)). "A Chapter 7 debtor may be ready to engage in any number of disputes, but within the bankruptcy realm, they may not be his fights to fight." In re Beaulac, 294 B.R. at 820.

Two exceptions have been established to a chapter 7 debtor's lack of standing: a debtor may demonstrate standing if there is "(1) a reasonable possibility of a surplus if the order on appeal is defeated; or (2) that the appealed order adversely affects his discharge." In re Arroyo, 489 B.R. at 488 (quoting Marmarinos v. DeGiacomo (In re Marmarinos), 464 B.R. 498, 501 n.1 (B.A.P. 1st Cir. 2012)). If a chapter 7 debtor lacks standing to appeal an order, it follows that he also lacks standing to oppose the request for relief in the first instance.

In this case, Debtor has not demonstrated either exception. The approval of the Stipulation will not affect Debtor's discharge. In fact, Debtor's discharge has already been entered. (Dkt. # 149.) And although Debtor has repeatedly claimed that pursuing the Claim could lead to a multi-million-dollar judgment that would result in a surplus, he has failed to establish a reasonable possibility of successfully litigating the Claim and obtaining the substantial amount necessary for a surplus after payment of all claims and the Trustee's fees. Actually, the amount of the filed claims surpasses the value of the Claim as per the schedules filed in this case. And furthermore, Debtor has not addressed the costs associated with the litigation of the Claim, nor the potential detriment to the estate in doing so.

Lastly, Debtor takes issue with the Trustee's notice of abandonment of the Claim filed on May 17, 2024 (Dkt. # 108) withdrawn on the same date (Dkt. # 109), and the amended notice of

7

abandonment eliminating the Claim from the abandoned assets filed three days later, on May 20,

2024 (Dkt. # 110). The abandonment of the Claim would allow Debtor to pursue the same

outside of bankruptcy. However, following the Trustee's withdrawal of the first notice and the

filing of the second notice, the notice of abandonment in effect is the one filed on May 20, 2024,

which Debtor failed to object in a timely manner. Thus, the Claim is an asset of the estate subject

to the Trustee's administration and Debtor has not raised any argument, reasoned or otherwise,

for this court to compel the Trustee to abandon the same.

For the reasons stated above, the Court approves the Stipulation filed on December 6,

2024 by the Trustee and LSREF2 (Dkt. # 130) and denies Debtor's objection to the approval of

the same (Dkt. # 132).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of March, 2025.

María de los Ángeles González
United States Bankruptcy Judge

8